**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS I. GONZALEZ LOZANO, | No. 16-72215 |
| Petitioner, | Agency No. A077-126-251 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2022[**]
Pasadena, California

Before: PAEZ, SMITH,[***] and BADE, Circuit Judges.

Jesus I. Gonzalez Lozano, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals (BIA) dismissal of his appeal challenging the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable D. Brooks Smith, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Jurisdiction exists under 8 U.S.C. § 1252(a). We deny the petition for review.

Because the BIA conducted an independent review of the IJ's opinion without adopting it, "[o]ur review is limited to the BIA's decision." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended). We review "the factual findings underlying the BIA's determinations" for substantial evidence. *Id.* "To prevail under the substantial evidence standard, the petitioner 'must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous.'" *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)); *see also* 8 U.S.C. § 1252(b)(4)(B). The BIA's legal conclusions are subject to de novo review. *Davila*, 968 F.3d at 1141.

1.    We uphold the agency's denial of asylum.

Eligibility for asylum requires that Gonzalez-Lozano show that "race, religion, nationality, membership in a particular social group, or political opinion was or will be one central reason for persecuting" him. 8 U.S.C. § 1158(b)(1)(B)(i). In other words, he must establish a "nexus" between the persecution suffered or feared and one of the five protected grounds. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). The BIA determined that Gonzalez-Lozano had failed

2

to meet his burden of demonstrating a nexus. It explained that the IJ had not clearly erred in finding that the "motivation for the harm suffered . . . was based on the perception that [Gonzalez-Lozano] was an easy, available target." Gonzalez-Lozano does not meaningfully challenge the agency's determination that he failed to establish a nexus to a protected ground, so we deem this argument waived. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned."). Even if Gonzalez-Lozano had not waived his challenge, substantial evidence supports the agency's conclusions.

Gonzalez-Lozano testified that he was stopped by police because they wanted a bribe of money or perfume, that Mexican police "try to intimidate people and . . . take advantage of the way things are going with people," and that he was beaten when he refused, on one occasion, to provide the Mexican police and judge with a bribe. This does not demonstrate nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (as amended) ("An alien's desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground.").

2.    We uphold the agency's denial of Gonzalez-Lozano's claim for withholding of removal.

To secure withholding of removal, an alien must show that his "life or freedom

would be threatened . . . because of" one of the five statutorily protected grounds. 8 U.S.C. § 1231(b)(3)(A). This means that he must "establish by objective evidence that it is more likely than not that he . . . will be subject to persecution upon deportation." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987); 8 C.F.R. § 1208.16(b)(2). For withholding, the alien must also show a nexus, that is, that a protected ground is "a reason" for the feared persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358–59 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(C)). The IJ determined, and the BIA agreed, that Gonzalez-Lozano failed to establish the required nexus to obtain withholding of removal. We conclude that the record before us does not compel a contrary conclusion, 8 U.S.C. § 1252(b)(4)(B), and therefore, uphold the agency's denial of withholding of removal.

As with his asylum claim, Gonzalez-Lozano fails to meaningfully challenge the agency's determination that he failed to establish nexus, so this argument is waived. *Martinez-Serrano*, 94 F.3d at 1259. Moreover, as explained above, the record supports the agency's conclusion that Gonzalez-Lozano was harassed because he was an "easy, available target," not because of any protected ground.

3.     We uphold the agency's denial of CAT relief.

"To be eligible for relief under CAT, an applicant bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-*

*Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Torture is defined as "an extreme form of cruel and inhuman treatment." 8 C.F.R. § 1208.18(a)(2). The BIA concluded that the IJ, having taken account of the "past physical abuse" Gonzalez-Lozano sustained, "properly reasoned that [he] did not establish a clear probability of future torture" and failed to meet his burden of proof. Substantial evidence supports this determination. The single beating and the subsequent detention Gonzalez Lozano experienced for twenty minutes, in which he was not harmed, do not compel the conclusion that he will more likely than not be tortured if returned to Mexico. Accordingly, there is no basis for granting relief under the CAT.[1]

**PETITION DENIED.**

---

[1] Because we conclude that Gonzalez-Lozano has not shown that it is more likely than not that he would be tortured, we do not address his arguments concerning government acquiescence. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 n.3 (9th Cir. 2021).